IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

XAVIER A. PARKS,

    Petitioner,

v.                                                     CASE NO. 4:11-cv-600-SPM-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **O R D E R**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee, and the Respondent will be directed to file a response to the Petition.

The Respondent shall file a response to the Petition as directed in this order. The response shall be styled as an answer unless a motion to dismiss the petition, in whole or in part, due to a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations is appropriate, in which case such ground shall be asserted by motion. *See* § 2254 Rule 4 and Advisory Committee Notes (Court may authorize Respondent to address procedural bars by way of a motion to dismiss, "which may avoid burdening the Respondent with the necessity of filing an answer on the substantive merits of the petition."); § 2254 Rule 5(b). If a motion to dismiss some or all of the claims on a procedural ground is filed, Respondent need not also file an answer *as to the merits of those claims only* until the Court rules on the motion asserting the procedural ground. *See id*. Respondent may respond to the merits of the Petition

without waiving the exhaustion requirement. *See* § 2254(b)(2) and § 2254(b)(3).

Petitioner may file a reply to any of Respondent's arguments, including a motion to dismiss, within the time set by this order, but is not required to do so. § 2254 Rule 5(e).

The Court will review the record after the answer (or other motion) and Petitioner's reply (if any) are filed. If it does not appear that a hearing or additional argument is warranted, then the undersigned will make appropriate disposition of the motion or petition. If an evidentiary hearing is warranted and permitted,[1] an evidentiary hearing will be scheduled.

Accordingly, it is **ORDERED AND ADJUDGED** that**:**

1. The Clerk shall serve a copy of the petition, Doc. 1, Petitioner's Memorandum of Law And Fact In Support of Petition For Writ of Habeas Corpus By A Person In State Custody, Doc. 3, along with this order, on Respondent and the Attorney General of the State of Florida **via regular first-class mail.**[2]

2. Respondent shall file an answer or other pleading on or before **February 27, 2012.** If voluminous exhibits or records (such as transcripts) are submitted in support of the answer, **paper copies shall be provided to the court**.

3. Petitioner shall have until **March 28, 2012**, to file a reply, if desired.

**DONE AND ORDERED** this 28th day of November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Section 2254(e)(2) generally bars the court from granting an evidentiary hearing if the Petitioner failed to properly develop the facts in support of his claim in state court. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 n.1 (2007). Even where not barred by the statute, the Court has the discretion to deny a hearing if the record refutes the allegations or otherwise precludes relief. *Id*. (citations omitted).

[2] *See* § 2254 Rule 4, Advisory Committee Notes (stating that Rule 4 was amended in 2004 to delete the requirement of service by certified mail).
*Case No: 4:11-cv-600-SPM-GRJ*