UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER PARKS,

                Petitioner,

v.                                          Case No. 3:11-cv-1213-J-39MCR

SECRETARY, DOC,
et al.,
                Respondents.
_____

**ORDER**

**I. Status**

Petitioner Xavier Parks, represented by counsel, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. 1) and Memorandum of Law (Memorandum) (Doc. 3) under 28 U.S.C. § 2254 on November 23, 2011. He challenges a 2007 state court (Duval County, Florida) judgment of conviction for unarmed carjacking. Respondents submitted an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 23) with an Appendix (Ex.).[1] Petitioner filed a Reply (Doc. 25). See Order (Doc. 20).

---

[1] Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced. With respect to the Petition, Memorandum, and Response, the page numbers referenced are those assigned by the electronic filing system.

## II. Procedural History

At the age of sixteen, Petitioner was arrested for the offense of carjacking. Ex. 1. On January 29, 2007, the State of Florida charged Petitioner, by information, with carjacking. Ex. 2. The prosecutor filed a Certificate of Filing Direct Information on Juvenile. It states:

> The State of Florida, by and through the undersigned Assistant State Attorney, hereby certifies, pursuant to Section 985.557, Florida Statutes, that the public interest requires that adult sanctions be considered or imposed with respect to the above-named juvenile, and has accordingly filed a direct information naming the said juvenile as the defendant.

Ex. 3.

Petitioner and his counsel, on August 2, 2007, signed a Plea of Guilty - Open Plea to the Court. Ex. 4. During the plea colloquy, the trial court asked Petitioner whether he understood that he was facing a sentence from twenty-one months to thirty years. Ex. 5 at 102. Petitioner responded affirmatively. Id. After further inquiry, the court found the plea freely and voluntarily entered. Id. at 108. The Court also found a factual basis for the plea. Id.

Prior to sentencing, on October 1, 2007, Petitioner filed a Memorandum of Law for Downward Departure, asking the court to consider a youthful offender departure, referencing Petitioner's age of sixteen years, and to also consider that the offense was an

isolated incident committed in an unsophisticated manner by a remorseful child. Ex. 6 at 23. The trial court sentenced Petitioner to twenty years in prison. Ex. 7. The court entered the Judgment and Sentence on October 2, 2007. Ex. 18.

On October 5, 2007, Petitioner filed a Motion to Correct Sentencing Error. Ex. 9. The state filed a letter response, Ex. 10, and Petitioner replied. Ex. 11. The trial court denied the motion on November 19, 2007. Ex. 13.

Petitioner filed a Notice of Appeal to review the Judgment and Sentence on October 31, 2007. Ex. 12. Of significance for this Court's review, on May 9, 2008, Petitioner filed a Motion to Correct Sentence Pursuant to Rule 3.800(b)(2). Ex. 14. On May 21, 2008, he filed an Amended Motion to Correct Sentence Pursuant to Rule 3.800(b)(2). Ex. 15. In the original motion and the amended motion, Petitioner claimed the trial court erred in sentencing him as an adult "because the propriety of adult sanctions was not determined beyond a reasonable doubt by the trial court as the finder of fact[,]" relying on the Supreme Court cases of <u>Sandstrom v. Montana</u>, 442 U.S. 510 (1979), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Ex. 14 at 2; Ex. 15 at 2.

In its Order Denying in Part and Granting in Part Defendant's Motion to Correct Sentence Pursuant to Rule 3.800(b)(2), the trial court rejected this particular ground finding:

> In his first claim, Defendant avers that the
> Court erred in sentencing him as an adult

3

because "the imposition of adult sanctions in excess of that permitted under the Youthful Offender statute violates the Sixth Amendment." The Defendant bases his claim on the rationale expressed in Apprendi v. New Jersey, 530 U.S. 466 (2000), Sandstrom v. Montana, 442 U.S. 510 (1979), and In re Winship, 397 U.S. 358 (1970), for the proposition that the statute under which he was prosecuted, section 985.557, Florida Statutes (2006), improperly removes from the trial court the factual determination as to whether the adult sanction was "required by the public interest."

Initially, this Court notes that the Defendant attempts to equate an information filing statute, section 985.557, with the sentencing schemes disproved in Apprendi, Sandstrom, and Cunningham v. California, 549 U.S. 270 (2007). This Court finds that the comparison between the statutes is not appropriate as section 985.557, Florida Statutes (2006), provides "the basis by which adjudication is initiated", it is not used to determine the sentence imposed on a defendant. State v. Cain, 381 So.2d 1361, 1366 (Fla. 1980). Further, "the Florida Constitution explicitly provides that the Florida Legislature determines when a child may be charged as a juvenile rather than an adult." State v. Metzler, 791 So.2d 565, 567 (Fla. 1st DCA 2001). Therefore, the State did not make a finding of fact as to whether to sentence the Defendant as an adult, it merely exercised its discretion to file charges against the Defendant as an adult. Ultimately, the decision to sentence the Defendant as an adult remained with the Court. The Court's sentencing powers derive from section 985.565, Florida Statutes (2006), pursuant to which the Court retained the discretion to sentence the Defendant as an adult, youthful offender, or juvenile.

At sentencing, the Court exercised its discretion and sentenced the Defendant as an adult. Pursuant to section 985.565(4)4,

> "[a]ny sentence imposing adult sanctions is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions." At both the plea and sentencing hearings, the Court confirmed with the State, the Defendant, and trial counsel, that the minimum guidelines sentence was twenty-one (21) months and the maximum guidelines sentence was thirty (30) years. The twenty (20) year sentence imposed by the Court did not exceed the statutory maximum authorized by section 775.082, Florida Statutes (2006). Consequently, the Defendant's sentence was not, as he claims, enhanced beyond the authorized statutory maximum, rather; it was well within the maximum sentence the judge could impose without finding any additional facts.

Ex. 16 at 13-15. However, the trial court considered and granted the motion on a different ground, and as relief, reversed and remanded for re-sentencing. Id. at 17-18. On August 10, 2009, Petitioner received a ten-year sentence. Ex. 18 at 5-6.

On direct appeal, Petitioner, through counsel, filed an Initial Brief, arguing that the adult sanctions imposed pursuant to § 985.557, Fla. Stat., violate Sandstrom and Apprendi. Ex. 19. The State filed an Answer Brief, Ex. 20, and Petitioner filed a Reply Brief. Ex. 21. On July 14, 2010, the appellate court affirmed Petitioner's conviction and sentence per curiam. Parks v. State, 39 So.3d 1269 (Fla. 1st DCA), cert. denied, 131 S.Ct. 656 (2010); Ex. 22. The mandate issued on July 30, 2010. Ex. 22.

Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court raising one ground:

> Whether the imposition of adult sanctions pursuant to section 985.557(1), Florida Statutes (2006), the juvenile "discretionary direct file" statute, violates Apprendi v. New Jersey, 530 U.S. 466 (2000)?

Ex. 23. The state notified the Supreme Court that it would not file a response unless directed to do so. Ex. 24. On November 29, 2010, the Supreme Court denied the petition without comment. Parks v. Florida, 131 S.Ct. 656 (2010); Ex. 25.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. Response at 5. See 28 U.S.C. § 2244(d).

### IV. Standard of Review

The Court will address each ground raised, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013), but no evidentiary proceedings are required in this Court. In addressing Petitioner's sole claim for habeas relief, the Court will analyze it under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The designated exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established

6

federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

Also of note, there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally, this presumption applies to the factual determinations of both trial and appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

### V. Findings of Fact and Conclusions of Law

As ground one, Petitioner claims that his sentence of ten years in prison was imposed in violation of Apprendi. Petition at 5. As noted by Respondents, Petitioner exhausted this claim in his initial and amended Rule 3.800(b)(2) motions to correct sentencing error filed in the circuit court, as well as in his initial brief filed on direct appeal in the state appellate court. As previously set forth in the procedural history, the circuit court denied the Rule 3.800(b)(2) motion to correct sentence, Ex. 16, and the appellate court affirmed Petitioner's conviction and sentence on direct appeal. Ex. 22. Also, the Supreme Court denied the petition for writ of certiorari. Ex. 25. Based on this record, the Court concludes that Petitioner exhausted his state court remedies, and the issue raised in ground one was adjudicated on its merits in the state courts. See Response at 10-15.

With regard to the law at issue, on June 26, 2000, the United States Supreme Court held that "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. As the Court clarified on June 24, 2004, "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004) (emphasis deleted). In addition, in Sandstrom, 442 U.S. at 524, the Supreme Court found that a jury instruction which constituted either a burden-shifting presumption or a conclusive presumption deprived the defendant of due process of law, violating the Fourteenth Amendment's requirement that the state prove every element of a criminal offense beyond a reasonable doubt.

Petitioner argues that "Apprendi, taken together with Sandstrom, compels the conclusion that the imposition of adult sanctions in excess of the maximum juvenile sanctions authorized by section 984.465, Florida Statutes (2007), violates the Sixth Amendment or the Due Process Clause of the Fifth and Fourteenth Amendments, or both." Memorandum at 4. He contends that this assertion has merit "because the factual question whether the imposition of adult sanctions was 'required by the public interest' was determined at the discretion of the prosecutor; it was not found to exist beyond a reasonable doubt by the appropriate fact-finding body, i.e, jury or judge sitting as finder of fact." Id.

Upon review, the Florida courts rejected Petitioner's proposition, not only in this case, but in other cases raising the same or very similar claims. For instance, the First District Court of Appeal, in Kirkland v. State, 67 So.3d 1147, 1149 (Fla. 1st DCA 2011), in a written opinion addressing a comparable claim, found Apprendi inapplicable to the decision of the prosecutor "to charge [the defendant] as an adult and proceed in felony criminal court, pursuant to section 985.557, Florida Statutes, without a jury determination of fact to justify exposure of [the defendant] to a criminal sentence rather than the less severe juvenile sanctions." First, the court found: "[t]he decision to proceed in the adult court rather than the juvenile court was a pre-trial choice made by the state attorney, pursuant to section 985.557, Florida Statutes." Id. The court explained that the prosecutor's decision under this statute is actually a choice to either proceed in the juvenile forum or in an adult jurisdiction, not a sentence enhancement determination. Id.

In addition, the Florida appellate court recognized that the United States Supreme Court, in Oregon v. Ice, 555 U.S. 160 (2009), decided that the Sixth Amendment right to a jury trial (or, in this instance, a judge as a fact-finder) "does not attach to every state-law entitlement to predicate findings." Kirkland, 67 So.3d at 1149 (internal quotation marks omitted) (quoting Ice, 555 U.S. at 170). Of import, the Florida court concluded that the reasoning

9

in Apprendi and Blakely has not been extended "beyond the offense-specific context that supplied the historic grounding for the decisions." Id. (citing Ice, 555 U.S. at 163).

Finally, an additional distinguishing factor is that "the determination by the state attorney to direct file under section 985.557, Florida Statutes is not a fact that increases the penalty for a crime beyond the prescribed statutory maximum." Kirkland, 67 So.3d at 1150. Indeed, the court described the prosecutor's discretionary decision to refer a juvenile to adult jurisdiction based on a determination of the public interest as a "policy consideration[.]" Id. The court rejected the assertion that this determination by the state attorney constituted a "factual determination that increases the penalty for a crime beyond the prescribed statutory maximum." Id.

The majority of courts have reached this same conclusion. State v. Childress, 169 Wash.App. 523, 532 (Wash. App. Div. 1 2012) (Opinion Published in Part) (finding the Apprendi rule inapplicable to juvenile decline proceedings, concluding this type of decision to be a "jurisdictional determination," not an imposition of any sentence), cert. denied, 133 S.Ct. 2400 (2013). More recently, in People v. Valles, No. 08CA0738, 2013 WL 2450721, at *2 (Colo. App. June 6, 2013) (to date, not released for publication), the Colorado appellate court distinguished a direct file statute from the "statutory schemes that allowed a trial court to increase a

10

defendant's sentence based on facts determined by the trial court subsequent to the defendant's conviction[,]" finding the juvenile transfer statutory scheme involves a prosecutor's pretrial exercise of discretion, unlike the statutory scheme at issue in Apprendi and its progeny requiring post-trial findings of fact. The Colorado court also recognized that in Ice, the Supreme Court decided that the holdings in Apprendi and Blakely are "limited in application to the 'historic role[s]' of a jury." Valles, 2013 WL 2450721, at *3. And, with respect to direct file statutes, the Valles court concluded that "[a]lthough the statute can result in a defendant being sentenced to a significantly longer period of incarceration, the decision regarding the forum in which a case is filed has never been part of the historical role of a jury." Id. Including a citation to Kirkland, the Colorado court recognized that other jurisdictions have similarly come to the same conclusion. Id. But see Commonwealth v. Quincy Q., 753 N.E.2d 781 (Mass. 2001) (requiring a jury determination of the requirements for youthful offender status), overruled on other grounds, Commonwealth v. King, 834 N.E.2d 1175 (Mass. 2005).

In Gonzales v. Tafoya, 515 F.3d 1097, 1111 (10th Cir.), cert. denied, 555 U.S. 890 (2008), the Tenth Circuit noted that a Massachusetts court held Apprendi applicable to juvenile transfer proceedings in Quincy Q., but the Tenth Circuit sided with the vast majority of courts and declined to follow the court's reasoning in

11

Quincy Q. In Gonzales, the court observed three factors used in distinguishing Apprendi's rule from juvenile transfer determinations.[2] Gonzales, 515 F.3d at 1111-12. First, the decision to transfer a juvenile to adult court concerns the court's jurisdiction. Id. at 1112. Second, there are distinct differences between juvenile and adult criminal justice systems, including the fact that juveniles do not enjoy every right criminal defendants enjoy, including the right to a jury trial. Id. And third, the findings necessary for referring a juvenile to adult prosecution differs substantially from findings traditionally made by juries. Id.

In denying the claim, the Tenth Circuit held:

> We therefore conclude that the New Mexico Court of Appeals's refusal to apply Apprendi's holding to juvenile transfer proceedings is neither contrary to nor an unreasonable application of federal law. Thus, Mr. Gonzales

---

[2] The Court recognizes that New Mexico's juvenile transfer proceeding, with the judge making a series of judgments, is quite different from the direct file proceeding adopted in Florida, but the reasoning of the court is informative and consistent with the Florida court's conclusion that Apprendi is inapplicable to direct file determinations. Gonzales, 515 F.3d at 1112-13. See Morales v. United States, No. 09 Civ. 50809(LAP), 2010 WL 3431650, at *9 (S.D.N.Y. Aug. 31, 2010) (Not Reported in F.Supp.2d) (a transfer to adult status does not implicate Apprendi and thus "does not trigger the need for a jury's fact finding function"), reconsideration denied, 2010 WL 4720256 (S.D.N.Y. Nov. 17, 2010); State v. Rudy B., 243 P.3d 726, 736, 740 (N.M. 2010) (noting that the jury historically played no role in sentencing a child as an adult, holding the amenability determination is not within the scope of the Apprendi rule, and finding the Sixth Amendment's guarantee of a jury trial is inapplicable), cert. denied, 131 S.Ct. 2098 (2011).

>           is not entitled to relief on his claim that
>           the state court judge violated his Due Process
>           and Sixth Amendment rights by making findings
>           in support of an adult sentence and by
>           applying the clear-and-convincing burden of
>           proof.

Id. at 1117.

In the instant case, although the Court finds Petitioner's plea for relief somewhat compelling due to Petitioner's record and age at the time of the offense (Petitioner was only sixteen at the time of the offense; Petitioner pled straight up to the court; the prosecutor recommended a ten-year prison sentence; and, Petitioner was initially sentenced to twenty years in prison, apparently on his first felony offense, without any significant prior criminal history),[3] see Ex. 9 at 30-31, Petitioner is simply not entitled to habeas corpus relief. An explanation follows.

This Court has the power to grant Petitioner habeas corpus only if the Florida courts' decisions were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See Patrick

---

[3] The Court's concerns, however, are appeased by the fact that on re-sentencing, Petitioner received a ten-year sentence, the sentence the state recommended at sentencing. Ex. 18 at 5-6. The maximum sentence Petitioner could have received was thirty years; therefore, his sentence of ten years in prison is well within the prescribed statutory maximum. Indeed the sentence Petitioner ultimately received is on the lower-end of the sentencing spectrum for a first degree felony offense.

<u>Glebe, Superintendent, Stafford Creek Corrections Center v. Joshua James Frost</u>, 574 U.S. -- [at 2] (November 17, 2014).

As noted by Respondents,

> neither <u>Apprendi</u>, <u>Blakely</u>, nor <u>Sandstrom</u> address, much less establish a rule of law that a prosecutor's discretionary decision to charge a juvenile as an adult upon determining that adult sanctions best serve the public interest is unconstitutional because whether adult sanctions best serve the public interest is a factual determination which increases the proscribed penalty beyond the statutory maximum otherwise applicable to juveniles and creates an impermissible rebuttable presumption that adult sanctions best serve the public interest.

Response at 19.

Pursuant to AEDPA, the only accepted source of clearly established federal law is the actual holdings of the Supreme Court at the time of the state court's decision. Not only has Petitioner failed to establish a violation of "clearly established Federal law", he has not met the "contrary to" clause of § 2254(d)(1), as the Florida courts' decisions on this issue are not opposite of that of the Supreme Court or based on a set of "materially indistinguishable" facts from those found in <u>Apprendi</u>, <u>Blakely</u>, and <u>Sandstrom</u>. <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000) (describing the new constraint AEDPA places on the power of a federal habeas court to grant relief based on an application for a writ of habeas corpus). Finally, the circuit court and appellate

court decisions were not "objectively unreasonable." <u>Renico v. Lett</u>, 559 U.S. 766, 773 (2010).

Upon review, the decision to prosecute a juvenile in adult court is not one understood to be in the domain of the jury. <u>See</u> <u>Ice</u>, 555 U.S. at 168. And, with the twin considerations of historical practice and respect for state sovereignty, <u>Apprendi</u> and its progeny have not been extended by the United States Supreme Court to apply to a prosecutor's pre-trial jurisdictional charging decision. <u>Cf</u>. <u>Ice</u>, 555 U.S. at 1681 (declining to extend <u>Apprendi</u>'s rule to the imposition of sentences for discrete crimes). There remains fair-minded disagreement on this issue, and as noted previously, a very strong majority of courts reviewing this claim refuse to extend <u>Apprendi</u>'s rule to direct file determinations.

Therefore, Petitioner is not entitled to habeas relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of ground one.

15

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk** shall enter judgment denying the Petition and dismissing this case with prejudice, and the **Clerk** shall close this case.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.[4] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may befiled in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of November, 2014.

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

_____
BRIAN J. DAVIS
United States District Judge

sa 11/19
c:
Counsel of Record